JUDGE ROANE
was of opinion that the order of the District Court should be affirmed. He thought the return to the writ of ad quod damnum substantially good. It appeared also sufficiently from the proceedings that the present height of the dam was fourteen feet; and that granting leave to raise it to fourteen feet six inches, (according to the petition), or six inches above its present height, '(according to the order awarding the writ of ad quod damnum,) was, in fact, the same thing.
JUDGE FLEMING.
I have examined the cases cited yesterday by Mr. Call, and cannot perceive their application to the 'case now before the Court. He properly observed that there were in England two kinds of inquisitions, where the crown is concerned — one of instruction, or information, and the other of intitling; and, if there be any analogy between them and the one before us, this is analogous to the office of, intitling; which, his own authorities say, requires accurate certainty.
The writ of ad quod damnum, in the *107 present case, (omitting what has been adjudged surplusage,) required the Jury to meet on the land of Richard K. Cralle, where he has erected his water grist-mill, and examine the lands above 267 *and below, of the property of others, which may be probably overflowed by raising the said Cralle’s mill dam six inches higher than the present dam, and say what damages will be to the several proprietors ; and to say Whether the mansion house of any such proprietor, or the offices, curtilege or garden, thereunto immediately belonging, or- orchards, will be overflowed; to inquire whether, and in what degree, fish of passage, and ordinary navigation, will be obstructed; and whether, in their opinion, the health of the neighbourhood will be annoyed, by the stagnation of the waters?
The Jury, after taking notice of their charge, proceed to say, “We are of opinion that the erecting the said Richard K. Cralle’s dam six inches higher than the present height, agreeable to the annexed writ of ad quod damnum, it will damage the lands and other conveniences of Francis Eppes to the amount of SO dollars and SO cents; and that the lands of William Buford will be damaged to the amount of one dollar.” And (omitting here what they say respecting damages, and inconveniences, not contemplated by the former Jury, as irrelative to the point under consideration) they proceed to say, “We are further of opinion that no mansion house, office, garden, curtilege, or orchard, will be affected or damaged by the erection of the said mill dam six inches higher than the present dam, and, in our opinion, there will be no other damages to any person or persons whatsoever, except to the said Francis Eppes and William Buford;” implying, however, that there may be other damages to those two persons: but the great defect seems to be, that they are quite silent, and have made no particular answer, respecting the passage of fish, the obstruction of navigation, nor the annoyance of the health of the neighbourhood, in consequence of the dam being raised six inches; which was given them in charge by the said writ.
But Mr. Call argued, that the general finding of the Jury, that, “in their opinion, there will be no other damages to 268 *any other person or persons whatsoever, except to the said Francis Eppes and William Buford,” comprehended those three latter subjects of inquiry, and rendered any special finding, with respect to them, unnecessary.
As well might he have argued that a general finding, that no damage nor inconvenience would accrue to any person or persons whatsoever, in consequence of raising the said dam six inches higher than the present dam, (without specifying a single subject of inquiry,) would have been a sufficient compliance with, and execution of, the said writ.
But the counsel further observed, that, by the fifth section of the act concerning mills, other evidence than the inquest might, and ought to be resorted to. True; but for what purpose? not to aid the inquest but to contradict it; and to prevent the Court giving leave to build, or raise, a mill dam, if it should appear to the Court, from such other evidence, that the Jury had been mistaken on any one subject of their inquiry. I am, upon the whole, of opinion, that the judgment of the District Court is erroneous and ought to be reversed, and the inquisition quashed.
By the majority of the Court, the judgments of both Courts were reversed; all the proceedings subsequent to the petition set aside; and the cause remanded to the County Court for further proceedings.*

Note. In this case the mileage and attendance of a number of witnesses, summoned to the Court of Appeals, was ordered to be taxed in the bill of costs, and recovered by the appellant against the appellee; though no witnesses were examined; the Court having determined on a view of the record only. — Note in Original Edition.